# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DOUGLAS MYERS, ) | |
| BOP Reg. # 12244-030, ) | |
|    Movant, ) | |
| ) | CIVIL ACTION NO. 17-00449-WS |
| v. ) | |
| ) | CRIMINAL ACTION NO. 08-00074-WS-N-1 |
| UNITED STATES OF AMERICA, ) | |
|    Respondent. ) | |

## REPORT AND RECOMMENDATION

Scott Douglas Myers, a federal prisoner proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 265[1]) challenging the judgment entered against him upon the second revocation of his supervised release (*see* Doc. 263).  The motion has been referred to the undersigned Magistrate Judge, who is authorized under S.D. Ala. GenLR 72(a)(1) and (2)(R) to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* S.D. Ala. GenLR 72(b); (10/4/2017 electronic reference).

As ordered under Rule 4(b) of the Rules Governing Section 2255 Proceedings (*see* Doc. 280), the Government timely filed a response (Doc. 281) in opposition to Myers's § 2255 motion, arguing that it could be denied without an

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

evidentiary hearing. However, after reviewing the motion, the response, and the transcript and records of Myers's second revocation proceedings in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings, the undersigned found that an evidentiary hearing was warranted as to the first ground raised in the motion.[2] Thus, the undersigned appointed James Pittman, Jr., Esq., as counsel for Myers, in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings, and set an evidentiary hearing for August 16, 2018. (*See* Docs. 283, 285).

On the eve of the evidentiary hearing, counsel for Myers filed a notice "advis[ing] the Court that Myers wishes to withdraw the Motion set for hearing on Thursday, August 16, 2018." (Doc. 287). Upon receipt of the notice, the undersigned convened counsel for the parties in open court for a status conference the afternoon of August 15, 2018, at which Mr. Pittman explained on the record that Myers had reached the decision to withdraw his § 2255 motion after consultation with counsel. Counsel for both parties agreed on the record to dismissal of the present § 2255 motion.[3]

---

[2] Myers expressly withdrew his claims for relief raised in Grounds 2, 3, and 4 of the motion. (*See* Doc. 270).

[3] Assistant United States Attorney Steven Butler was present as counsel for the Government.

Under Federal Rule of Civil Procedure 41(a)(2), "[e]xcept as provided in Rule 41(a)(1),[4] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…Unless the order states otherwise, [such] a dismissal…is without prejudice."[5] In light of the procedural posture of this case at the time Myers sought to withdraw his § 2255 motion, the undersigned finds that dismissal of the motion with prejudice under Rule 41(a)(2) is appropriate.  Accordingly, it is **RECOMMENDED** that Myers's pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 265) challenging his second supervised release revocation be **DISMISSED with prejudice** under Federal Rule of Civil Procedure 41(a)(2).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28

---

[4] Because the Government has already filed its answer, Myers's notice cannot operate to dismiss this action under Rule 41(a)(1)(A)(i).  Because there has been no "stipulation of dismissal signed by all parties who have appeared" filed, dismissal cannot be effected under Rule 41(a)(1)(A)(ii).

[5] Neither 28 U.S.C. § 2255 nor the Rules Governing Section 2255 Proceedings for the United States District Courts expressly provides for voluntary dismissals of § 2255 motions.  Accordingly, the undersigned will apply the voluntary dismissal provisions of Federal Rule of Civil Procedure 41.  *See* Rule 12 of the Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 17th day of August 2018.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**